```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

TRISHA GORDON, individually and
in her role as Administratrix of
the Estate of RODNEY LANE GORDON,
deceased,

       Plaintiff,

v.                                  Civil Action No. 5:12CV132
                                                        (STAMP)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

In April 2009, Rodney L. Gordon ("Gordon") filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act, claiming that he suffered from disability beginning April 30, 2008. Gordon claimed disability as a result of osteoarthritis, hypertension, diabetes mellitus, abdominal wall hernia, and obesity. His application was denied both initially and upon reconsideration. Gordon then requested a hearing on the matter and such hearing was held on March 9, 2011, before Administrative Law Judge ("ALJ") Richard E. Guida. The ALJ issued a partially favorable decision finding that Gordon was not disabled prior to February 7, 2011 and, therefore, not disabled through his date last insured of September 30, 2010 for purposes of the DIB claim. The ALJ did find, however, that beginning on

February 7, 2011, Gordon was disabled as that term is defined by the Social Security Act.  Gordon then requested a review by the Appeals Council but was denied.

Thereafter, Gordon filed this action against the Commissioner of Social Security ("Commissioner") seeking judicial review of the ALJ's decision.  After filing his complaint with this Court, Gordon filed a motion for summary judgment.  The defendant did not respond to this motion, but the defendant did file a separate motion for summary judgment.  Subsequent to Gordon's counsel filing the motion for summary judgment, he learned that Gordon had died.  Trisha Gordon then moved to be substituted as a party on behalf of his estate.  The magistrate judge granted the motion and substituted Trisha Gordon as plaintiff.  United States Magistrate Judge James E. Seibert reviewed Gordon's complaint, the motions by the parties and the administrative record, and issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, that Gordon's motion for summary judgment be denied, and that this matter be dismissed.  Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report.  The plaintiff thereafter filed timely objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous. Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made. This Court will review the other findings of the magistrate judge for clear error.

## III. Discussion

In the plaintiff's motion for summary judgment, Gordon argues that: (1) because the treating physician provided an opinion explaining how Gordon "must constantly have the opportunity to lie down to facilitate the avoidance of deadly hernias" and the ALJ failed to provide contradictory evidence of this opinion, then this Court should find that the defendant's decision that Gordon could perform sedentary work was not based on substantial evidence and should be reversed; (2) the ALJ's decision to find borderline intellectual functioning ("BIF") to be a non-severe impairment with no functional limitation is not supported by substantial evidence and, thus, his failure to account for limitations caused by BIF in his hypothetical to the vocational expert, renders the ultimate

opinion of Gordon's ability to make vocational adjustment to "other" work fatally flawed and not supported by substantial evidence; and (3) the ALJ arbitrarily disregarded medical-vocational guideline 201.17 in an effort to deprive Gordon of his right to entitled disability based on the Social Security Administration's own rules.

In the defendant's motion for summary judgment, the defendant asserts that: (1) substantial evidence supports the ALJ's finding that Gordon could perform sedentary work prior to February 7, 2011; (2) the record provides substantial evidence for the ALJ's finding that Gordon is capable of performing sedentary work; (3) substantial evidence supports the ALJ's finding that Gordon's borderline intellectual functioning was not a severe impairment; and (4) the ALJ did not arbitrarily disregard medical-vocational guideline 201.17.

"Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence

4

allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). The magistrate judge addressed Gordon's assignments of error in turn and found that substantial evidence existed to support the ALJ's findings.

A.  Treating physician's opinions

As indicated above, Gordon first argues that the ALJ should have accepted a medical opinion that he must lie down during the day to avoid aggravating and further injuring his hernias because no contradictory evidence was provided by the defendant. As the magistrate judge noted, the opinion that Gordon needed to lie down during the day appears twice in the record, once by Mr. Josh Baker, a physician assistant who provided primary care to Gordon, and once in a letter by Mr. Baker that was co-authored by Dr. Aimee Whitehair, Gordon's treating physician. The co-authored letter was only submitted to the Appeals Council after the ALJ's decision.

The magistrate judge found that substantial evidence supported the ALJ's decision to give little weight to the medical opinion of Mr. Baker. In so finding, the magistrate judge stated that it is the duty of the ALJ, and not this Court, to weigh conflicting evidence. See Hay v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (stating that "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's

function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence"). The magistrate judge noted contradictory evidence provided by other evaluating physicians, including a Dr. Atiya Lateef, and contradictory statements made by Gordon himself. Further, the magistrate judge found that while the letter co-authored by Dr. Whitehair was not considered by the ALJ, the injection of the letter into the record does not necessitate remand, as the ALJ's decision is still based upon substantial evidence because the new letter was still controverted by other evidence, which was available to the ALJ.

The plaintiff objects to the magistrate judge's findings. First, the plaintiff argues that the letter submitted to the Appeals Council after the ALJ issued his opinion warrants remanding this case for further fact finding. The Appeals Council, however, must only consider additional evidence provided to them when determining whether to grant review if the additional evidence is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990); Wilkins v. Secretary, Dept. of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991). Evidence is new if it is not duplicative or cumulative and it is material if "there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins, 953 F.2d at 96.

The letter co-authored by Mr. Baker and Dr. Whitehair is not new nor is it material. The letter explains Gordon's obesity, the severity of his hernias, his apparent limitations in his ability to participate in daily activities, and his need to lie down to help with his hernias. All of these various factors were discussed by the ALJ in his opinion and the letter is therefore, merely cumulative evidence of what was previously contained in the record. Based on the record, the ALJ specifically rejected the idea that Gordon would have to lie down during the day (ECF No. 7 Ex. 2 *24), he addressed Gordon's limitations in conjunction with his obesity and his hernias (ECF No. 7 Ex. 2 *21-2), and made assessments based on the record of their severity (ECF No. 7 Ex. 2 *21-2). Further, in the plaintiff's objections to the magistrate judge's findings, the plaintiff even states that "Dr. Whitehair's opinion was consistent with the substantial medical evidence in the record." ECF No. 17 *4. This is not in conformity with his contention that the evidence is new.

As to materiality, the plaintiff argues that because the letter is now co-authored by Gordon's treating physician, it would have changed the outcome because the ALJ would have had to give it greater weight. The ALJ, however, did not disregard Mr. Baker's original opinion merely because he was not a physician, but also because he found it inconsistent with the record as a whole. When a "physician's opinion is not supported by clinical evidence or if

7

it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). Thus, due to the inconsistencies found by the ALJ, there is nothing to suggest that Dr. Whitehair's opinion would have been given any more weight, and as such no evidence that the outcome would have been different.

The plaintiff next objects to the magistrate judge's findings concerning whether substantial evidence existed for the ALJ to find that Gordon could perform sedentary work by arguing that Dr. Lateef's opinion did not constitute substantial evidence because Dr. Lateef did not have all of the evidence before him and was only a reviewing physician. This Court finds such an argument to be without merit. The ALJ is entitled to rely on a reviewing state agency physician when it is consistent with other evidence of record. Johnson v. Barnhart, 434 F.3d 605, 656-57 (4th Cir. 2005). The ALJ stated specifically that he was relying on Dr. Lateef's opinion because it was consistent with the "evidence as a whole[.]" ECF No. 7 Ex. 2 *24. The plaintiff argues that Dr. Lateef did not have all the evidence before him because he was not presented with Dr. Whitehair's letter before making his evaluation. This, however, is not a valid argument as the fact that an opinion came later than the state agency opinion does not mean it should be accorded greater weight. Geiger v. Astrue, No. 2:11CV00055, 2013 WL 317564 at *6 (W.D. Va. Jan. 27, 2013). Further, as previously

stated above, the information contained in the letter is not new, as it is merely cumulative or duplicative of the information found other places in the record. Therefore, it was proper for the ALJ to use Dr. Lateef's opinion as evidence for his findings, and therefore, substantial evidence existed to support the ALJ's findings.

The plaintiff next objects arguing that Dr. Lateef's opinion did not constitute substantial evidence because the ALJ should have accorded great weight to the treating physician opinion of Dr. Whitehair. "Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). Further, as stated above when a "physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. As outlined above, the opinion of Dr. Whitehair was duplicative of Mr. Baker's opinion, which the ALJ found was inconsistent with the record. Therefore, the ALJ would have likely found that Dr. Whitehair's opinion was inconsistent with the record, and also accorded it little weight, which is proper based on precedent in the United States Court of Appeals for the Fourth Circuit.

9

The plaintiff's final objection to the magistrate judge's findings concerning whether substantial evidence existed for the ALJ to find that Gordon could perform sedentary work is that the ALJ and the magistrate judge's findings arbitrarily ignore Mr. Baker's opinion. The plaintiff is correct in noting that "an ALJ may not completely disregard a physician assistant's opinion on how a claimant's impairment, including any accompanying pain, affects the claimant's ability to work . . . . Rather, the ALJ must, at a minimum, consider the evidence and the extent to which it is consistent with the record as a whole." Davis v. Astrue, No. 2:07CV53, 2008 WL 2566199 at *21 (N.D. W. Va. June 26, 2008) (citing 20 C.F.R. §§ 1513(d), 1529(a)). However, there is no evidence that the ALJ arbitrarily ignored Mr. Baker's opinion. Instead, the ALJ stated that "as a nonacceptable medical source, Mr. Baker's opinion is not necessarily devoid of probative value." ECF No. 7 Ex. 2 *24. The ALJ thereafter explained why even given this finding, he was not giving Mr. Baker's opinion much weight. See id. Thus, the ALJ recognized that there was value in Mr. Baker's opinion but due to its inconsistencies with the record as a whole, he did not feel it should be given much weight. This is not evidence that the ALJ arbitrarily ignored Mr. Baker's opinion; instead, it is evidence of the exact opposite, as it shows that he did evaluate and compare Mr. Baker's opinion to the other available evidence.

B.   <u>Borderline intellectual functioning limitation</u>

In his motion for summary judgment, Gordon's next contention is that the ALJ's decision to find his BIF to be a non-severe impairment was not based on substantial evidence. The magistrate judge, however, found that substantial evidence did support the ALJ's finding that the impairment was non-severe. As stated by the magistrate judge, when an ALJ finds an impairment, he or she must specify the findings that show an existence of impairment, and then rate the degree of functional limitation resulting from the impairment. 20 C.F.R. §§ 404.1520a(b)(1), <u>et seq.</u> and 416.920a(b)(1). To rate the functional limitation, you must measure activities of daily living, social functioning, concentration, persistence or pace, and episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3) and 416.920a(c)(3). As explained by the magistrate judge, a rating of "none" or "mild" in the first three areas, and a rating of "none" in the fourth area will generally lead to finding that the impairment is not "severe" "unless the evidence otherwise indicates that there is more than a minimal limitation in ability to do basic work activities." 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1).

The magistrate judge found that the ALJ followed this process by adopting the opinion of Dr. Roman. Dr. Roman found only mild limitations in activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining

11

concentration, persistence, or pace. ECF No. 16 *14. Dr. Roman also found no episodes of decompensation. Id. The magistrate judge stated that as to the Gordon's ability to do basic work, the evidence shows he had been employable for decades doing mostly semi-skilled jobs. The plaintiff did not file objections to this portion of the magistrate judge's report and recommendation. This Court agrees with the magistrate judge and finds no clear error in his assessment.

C.   Medical-Vocational Guideline 201.17

Gordon next claims in his motion for summary judgment that the medical-vocational guideline 201.17 should have directed the ALJ to find that he was disabled. The ALJ instead used medical-vocational guidelines 201.19 to find that Gordon was not disabled. The magistrate judge found that the ALJ's finding was supported by substantial evidence. As stated by the magistrate judge, under medical-vocational guideline 201.17, if a person is between the ages of 45-49, illiterate or unable to communicate in English, and has no past work history, or a history of only unskilled work, then that person is considered disabled. 20 C.F.R. § 404, app. 2, Rule 201.17. Under medical-vocational guideline 201.19, however, if a person is between the ages of 45-49, has limited or less education, and has no transferable skills from prior skilled or semi-skilled work, the guideline directs a finding that the person is not disabled. 20 C.F.R. § 404, app. 2, Rule 201.19.

The magistrate found that the ALJ's decision to apply 201.19 was based on substantial evidence. While one opinion on the record stated that Gordon was functionally illiterate, the magistrate judge found that substantial evidence on the record existed to find that he instead had a limited education. The magistrate judge stated that illiteracy is defined as the "inability to read or write" under 20 C.F.R. § 404(1564(b)(1), whereas under 20 C.F.R. § 404.1564(b)(3) someone with a limited education has "ability in reasoning, arithmetic, and language skill, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." Further, the magistrate judge indicated that under 20 C.F.R. § 404.1564(b)(3), a limited education is generally attained by reaching seventh through eleventh grade. The magistrate judge stated that taking these definitions into account, Gordon reached the eighth grade. Additionally, his own account of his abilities, which included driving, grocery shopping, paying bills, counting change, handling a savings account, and using a checkbook, is consistent with the ALJ's determination that Gordon had a limited education rather than being illiterate. In fact, Gordon also testified that he could speak, read, and understand the English language. The plaintiff did not file objections to this portion of the magistrate judge's report and recommendation. Based on the

above facts, this Court agrees with the magistrate judge and finds no clear error in his assessment.

## IV.  Conclusion

Based upon the above findings, the magistrate judge's report and recommendation is hereby AFFIRMED and ADOPTED in its entirety. Thus, the defendant's motion for summary judgment (ECF No. 11) is GRANTED and Gordon's motion for summary judgment (ECF No. 9) is DENIED.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     July 29, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE